UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 5:26-cv-00806-SVW-ADS | | Date | March 18, 2026 |
|---|---|---|---|---|
| Title | *Omar Mohamed v. David Marin et al* | | | |

---

Present: The Honorable    STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Daniel Tamayo | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

Proceedings:    ORDER DENYING PETITIONER'S EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER [3]

## I.    Introduction

Before the Court is Petitioner Omar Mohamed's ex parte application for a temporary restraining order ("TRO"). ECF No. 3. For the following reasons, Petitioner's ex parte application is DENIED.

## II.    Background

Petitioner Omar Mohamed is a Somalian political asylum seeker detained at the Adelanto Immigration and Customs Enforcement processing center in Adelanto, California. Petition ("Pet."), ECF No. 1 ¶ 1. Petitioner arrived in the United States on October 29, 2024 and was subsequently apprehended by border agents. *Id.* ¶¶ 1, 8. On December 11, 2024, Petitioner was granted humanitarian parole and released from custody. *Id.* Petitioner was then re-detained by the Department of Homeland Security on December 15, 2025 while removal proceedings against him were pending. *Id.* ¶¶ 1, 14.

|  | : |
|---|---|
| Initials of Preparer | DTA |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 5:26-cv-00806-SVW-ADS | | Date | March 18, 2026 |
|---|---|---|---|---|
| Title | *Omar Mohamed v. David Marin et al* | | | |

On February 19, 2026, Petitioner filed a Petition for Writ of Habeas Corpus, arguing this Court should release him because his detention is governed by 8 U.S.C. § 1226, unconstitutional under the Fifth Amendment Due Process Clause, and a violation of the Administrative Procedure Act. *See* Pet. The same day, Petitioner also filed a TRO requesting this Court immediately release him from Respondents' custody and enjoin Respondents from re-detaining him absent a further order from this Court. TRO at 10.

### III.    Legal Standard

Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the [petitioner] is entitled to such relief." *Winter v. NRDC, Inc.*, 555 U.S. 7, 22 (2008) (citing *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam)). "A [petitioner] seeking a preliminary injunction must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Id.* These same elements apply to Petitioner's TRO. *West v. PBC Mgmt. LLC*, No. 23-cv-03283-BLF, 2023 U.S. Dist. LEXIS 118204, 2023 WL 4477296, at *2 (N.D. Cal. July 10, 2023) (citing *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) ("The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction.")).

"[I]f a [petitioner] can only show that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the 'balance of hardships tips *sharply* in the [petitioner's] favor,' and the other two *Winter* factors are satisfied." *Friends of the Wild Swan v. Weber*, 767 F.3d 936, 942 (9th Cir. 2014) (quoting *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013)).

### IV.    Discussion

#### A. Likelihood of Success on the Merits

:

_____  _____
Initials of Preparer                    DTA

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 5:26-cv-00806-SVW-ADS | | Date | March 18, 2026 |
|---|---|---|---|---|
| Title | *Omar Mohamed v. David Marin et al* | | | |

In his ex parte application, Petitioner argues he is entitled to relief because his detention is unconstitutional under the Fifth Amendment Due Process Clause. TRO at 8. We disagree.

The Court concludes that Petitioner is in the position of an applicant for admission under 8 U.S.C. § 1225. *See* 8 U.S.C. § 1225(a)(l) ("applicant for admission" includes "[a]n alien present in the United States who has not been admitted"). Though Petitioner was paroled into the United States, that does not constitute "entry" or "admission" for purposes of the law. Moreover, as this Court explained elsewhere, 8 U.S.C. § 1226 applies only to aliens detained pursuant to a warrant. *See Altamirano Ramos v. Lyons*, --- F.Supp.3d ----, 2025 WL 3199872, at *5-*6 (describing process for arresting and detaining alien pursuant to a warrant under 8 U.S.C. § 1226, as explained by the Supreme Court). Nothing in the record here indicates that Petitioner was arrested and detained pursuant to a warrant. Petitioner, thus, as an applicant for admission, is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(a). *See Altamirano Ramos*, 2025 WL 3199872, at *4-*5. The Court has also elsewhere explained that applicants for admission are entitled only to those due process rights that Congress has afforded by statute. *See Sagastegui-Ronceros Luiguie Martin v. Fereti Semaia et al*, No. 5:25-cv-03324-SVW-BFM, ECF No. 21, at 4-7. Therefore, as an applicant for admission, Petitioner is subject only to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2)(a).

Because Petitioner has not shown a likelihood of success or serious questions going to the merits, the Court need not address the remaining *Winter* factors.[1]

## V.    Conclusion

For the foregoing reasons, Petitioner's ex parte application for a TRO is DENIED.

**IT IS SO ORDERED.**

---

[1] Petitioner argued in his Petition that Respondents' decision to detain him pursuant to 8 U.S.C. § 1225 violated the APA. *See* Pet. ¶ 108. Because we conclude that Petitioner *is* an applicant for admission under 8 U.S.C. § 1225, Respondents' decision to detain him pursuant to this statute does not violate the APA.

| | : |
|---|---|
| Initials of Preparer | DTA |